UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X          Civil Action No.

MAXIMINIO RODRIGUEZ,

                               Plaintiff,          **CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

    -against-

TACO MIX LLC, TACO MIX II LLC, TACO MIX III
LLC, TACO MIX BROOKLYN LLC, TACO MIX
STATEN ISLAND LLC, JORGE SANCHEZ, ALEJO
SANCHEZ and JOANA SANCHEZ,

                              Defendants.

---------------------------------------------------------------X

Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law

Group, PLLC, respectfully alleges upon knowledge as to himself and upon information and belief

as to all other matters, the following:

## NATURE OF THE ACTION

1.    This action is brought by Plaintiff pursuant to the Fair Labor Standards Act

("FLSA") and New York Labor Law ("NYLL"), on behalf of himself, and all others similarly

situated, to seek redress against Defendants for systematic and class-wide failure by Defendants

to provide the required minimum wage, overtimes wages, spread of hour wages and for the failure

to provide wage payment statements and wage theft prevention act notifications in violation of the

FLSA and NYLL.

2.    Plaintiff worked for Defendants as a cashier at their chain of restaurants known as

"Taco Mix", in the County of New York and County of Kings, State of New York, from in or

around June 2013 through January 8, 2021. Throughout the majority of Plaintiff's employment,

Plaintiff was required to work a strenuous schedule greatly in excess of forty (40) hours per week

for which Plaintiff was paid below the required minimum wage rate for each hour worked and in which Plaintiff did not receive any overtime compensation or spread of hour wages.

3.    Specifically, during the period of June 2013 through March 2020 of Plaintiff's employment, Plaintiff worked from 7:00 a.m. to 6:00 p.m., Monday through Sunday, for an approximate total of seventy-seven (77) hours per week. Throughout this period, Plaintiff was paid a flat weekly salary ranging from $600.00 to $800.00 per week ($7.79 to $10.39 per hour) irrespective of the number of hours Plaintiff worked per week. Plaintiff was paid in cash and no system was utilized by Defendants to track Plaintiff and Plaintiff's coworkers' hours worked at the restaurants. At no time was Plaintiff paid the required minimum wage, overtime wages of one and one-half times the minimum wage rate for each hour worked in excess of forty (40) hours per week, spread of hour wages of one additional hour at the minimum wage rate for each shift in excess of ten (10) hours each workday, nor was Plaintiff provided with wage payment statements or a wage theft prevention act notification at the time of hiring indicating Plaintiff's hourly rate of pay during the foregoing period.

## **PARTIES**

4.    Plaintiff was and still is a resident of the County of Bronx, State of New York.

5.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

6.    Defendant Taco Mix LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

7.    Defendant Taco Mix II LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant Taco Mix III LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant Taco Mix Brooklyn LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

10.     Defendant Taco Mix Staten Island LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York.

11.     Defendant Jorge Sanchez was and still is a resident of the State of New York.

12.     Defendant Jorge Sanchez was and still is an officer, principal and/or manager of Defendants Taco Mix LLC, Taco Mix II LLC, Taco Mix III LLC, Taco Mix Brooklyn LLC and Taco Mix Staten Island, LLC (hereinafter referred to as the "corporate Defendants").

13.     Defendant Jorge Sanchez was and still is in active control and management of the corporate Defendants, regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

14.     Defendant Alejo Sanchez was and still is a resident of the State of New York.

15.     Defendant Alejo Sanchez was and still is an officer, principal and/or manager of the corporate Defendants.

16.     Defendant Alejo Sanchez was and still is in active control and management of the corporate Defendants, regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

17.     Defendant Joana Sanchez was and still is a resident of the State of New York.

3

18.    Defendant Joana Sanchez was and still is an officer, principal and/or manager of the corporate Defendants.

19.    Defendant Joana Sanchez was and still is in active control and management of the corporate Defendants, regulated the employment of persons employed by the corporate Defendants, acted directly and indirectly in the interest of corporate Defendants in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

20.    Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

21.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

22.    This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

23.    Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PLAINTIFF'S FACTUAL ALLEGATIONS

24.    Defendants are the owners and operators of a chain of restaurants known as "Taco Mix" with various restaurant locations in the boroughs of the City of New York.

25.    Plaintiff worked for Defendants as a cashier at Defendants' Taco Mix restaurants from in or around June 2013 through January 8, 2021.

4

26.     Plaintiff worked for Defendants at the following Taco Mix restaurant locations:

- 234 East 116th Street, New York, New York 10029;

- 359 East 138th Street, New York, New York 10454; and

- 220 36th Street, Brooklyn, New York 11232

27.     For the majority of Plaintiff's employment Plaintiff worked at the Taco Mix restaurant located at 234 East 116th Street, New York, New York 10029.

28.     Upon information and belief, Defendants have employed hundreds of workers at their restaurants during the period of Plaintiff's employment.

29.     As a cashier Plaintiff's duties included processing orders and assisting customers.

30.     From in or around June 2013 through March 2020, Plaintiff worked 7:00 a.m. to 6:00 p.m., Monday through Sunday, for an approximate total of seventy-seven (77) hours per week.

31.     Plaintiff was paid at the following salaries and/or rates pay during his employment: from 2014 through 2017 Plaintiff was paid a flat weekly salary of $600.00 ($7.79 per hour); from 2018 through March 2020 Plaintiff was paid a flat weekly salary of $800.00 per week ($10.39 per hour); and from June 2020 through January 8, 2021 Plaintiff was paid $15.00 per hour.

32.     Plaintiff did not receive any lunch breaks during his employment and/or breaks in excess of twenty (20) minutes.

33.     Plaintiff was paid in cash during his employment.

34.     At all relevant times, no time keeping system existed of recording and/or tracking the hours worked by Plaintiff and workers during the period of June 2013 through March 2020 of Plaintiff's employment

5

35.     During the relevant period of Plaintiff's employment from June 2013 through March 2020, Plaintiff was paid a flat weekly salary irrespective of the number of hours worked per week that resulted in Plaintiff's regular hourly rate of pay being below the required minimum wage rate, that did not contain overtime compensation for hours worked in excess of forty (40) hours per week and that did not provide spread of hour wages for shifts in excess of ten (10) hours in a workday.

36.     Moreover, Plaintiff was not provided with accurate wage payment statements reflecting Plaintiff's hourly rate or number of hours worked nor was Plaintiff provided with a wage theft prevention act notification at the time of hiring indicating Plaintiff's rate of pay or the basis thereof.

37.     At all relevant times, Defendant Jorge Sanchez was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Defendants' Taco Mix restaurants.

38.     At all relevant times, Defendant Alejo Sanchez was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Defendants' Taco Mix restaurants.

39.     At all relevant times, Defendant Joana Sanchez was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Defendants' Taco Mix restaurants.

40.     At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

41.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

42.     At all relevant times, Defendants employed more than ten (10) employees.

43.     Plaintiff was required pursuant to NYLL § 652 to be paid a minimum wage rate of no less than (a) $8.00 per hour from December 31, 2013 through December 30, 2014; (b) $8.75 per hour from December 31, 2014 through December 30, 2015; (c) $9.00 per hour from December 31, 2015 through December 30, 2016; (d) $11.00 per hour from December 31, 2016 through December 30, 2017; (e) $13.00 per hour from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour from December 31, 2018 through December 30, 2020.

44.     Defendants regularly failed to pay Plaintiff the required minimum wage throughout the relevant period of Plaintiff's employment in violation of the NYLL.

45.     Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that

7

Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

46.    Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

47.    At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times the minimum wage rate and/or Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

48.    Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

49.    During the relevant period Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

50.    Throughout the relevant period Plaintiff's employment Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a shift in excess of ten (10) hours in violation of the NYLL and NYCRR.

51.    At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

52.    At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

53.     During Plaintiff's employment, Plaintiff was not provided with proper wage payment statements and was not provided with a wage theft prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

54.     Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

55.     Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

56.     Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendants who worked as cashiers, food preparers or food servers from the period of April 23, 2018 to the date of final judgment in this matter, and who were not paid overtime wages for hours worked in excess of forty (40) hours per week and who do not opt out of this action (hereinafter referred to as the "Taco Mix Collective").

57.     Upon information and belief, the Taco Mix Collective consists of approximately one hundred (100) similarly situated individuals who have not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

58.     Defendants have failed to pay overtime to employees other than those in Taco Mix Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

59.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

60.    Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

61.    Plaintiff brings the state law claims on behalf of himself and other similarly situated as a representative of a class of all non-exempt restaurant workers employed by Defendants within the six years prior to the filing of this complaint.

62.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the relevant time period of March 7, 2014 to the date of final judgment in this matter, have been employed by Defendants as cashiers, food preparers or servers at Defendants' Taco Mix restaurants; were not paid minimum wage, worked overtime and were not paid one and one-half times the minimum wage rate or hourly rate of pay; worked shifts in excess of ten (10) hours and did not receive spread of hours wages of one additional hour at the minimum wage rate; were not provided wage payment statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Taco Mix Class").

63.    Upon information and belief, the Taco Mix Class includes over one hundred (100) similarly situated individuals who have not been paid minimum wage, overtime wages, spread of hours wages and who have not received wage payment statements or wage theft prevention act notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

64.    The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

65.    There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

66.    Common questions of law and fact include, but are not limited to, the following:

A.    Whether Defendants have consistently failed to pay Plaintiff and class members the applicable minimum wage as required by the NYLL;

B.    Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

C.    Whether Defendants have consistently failed to pay Plaintiff and class members spread of hours wages of one additional hour at the minimum wage rate for shifts in excess of ten (10) hours in a workday as required by the NYLL;

D.    Whether Defendants failed to provide Plaintiff and class members with accurate wage payment statements as required by the NYLL;

E.    Whether Defendants have failed to provide Plaintiff and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL;

F.    Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

67.     Plaintiff's minimum wage, overtime wages, spread of hours wages, wage payment statements and wage rate notification claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

68.     Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class Plaintiff seeks to represent.

69.     Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

70.     Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

71.     Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS

72.     Plaintiff and members of the Taco Mix Class and Taco Mix Collective defined above (collectively, "Taco Mix Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying

them pay, including minimum wage, overtime wages, spread of hours wages, and failing to provide them with wage payment statements and hiring wage rate notifications.

73.    As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Taco Mix Group by violating the FLSA and/or the NYLL.

74.    Defendants have substantially benefitted and profited from the work that Plaintiff and Taco Mix Group have performed.

75.    Defendants failed to keep any records of the hours worked by the Plaintiff and the Taco Mix Group.

76.    Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

77.    Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

78.    Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Taco Mix Group.

<u>**AS AND FOR THE FIRST CAUSE OF ACTION**</u>
(*Minimum Wage under the NYLL*)

79.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

80.    At all relevant times, Plaintiff and the Taco Mix Class were employees and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

81.    At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

82.    Pursuant to NYLL § 652, Defendants were required to pay Plaintiff and the Taco Mix Class a minimum wage rate of (a) $8.00 per hour from December 31, 2013 through December 30, 2014; (b) $8.75 per hour from December 31, 2014 through December 30, 2015; (c) $9.00 per hour from December 31, 2015 through December 30, 2016; (d) $11.00 per hour from December 31, 2016 through December 30, 2017; (e) $13.00 per hour from December 31, 2017 through December 30, 2018; and (f) $15.00 per hour from December 31, 2018 through December 30, 2020.

83.    Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff and the Taco Mix Class the applicable minimum wage for any of the hours they required Plaintiff and the Taco Mix Class to work.

84.    Defendants have violated NYLL § 652 by failing to compensate Plaintiff and the Taco Mix Class the applicable minimum hourly wage.

85.    As a result of Defendants' violations of the law and failure to pay Plaintiff and Taco Mix Class the required minimum wage, Plaintiff and the Taco Mix Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

86.    Defendants willfully, knowingly and intentionally have failed, and continue to fail to compensate Plaintiff and Taco Mix Class the required minimum wage.

87.    Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the Taco Mix Class.

88.    Due to Defendants' intentional and willful failure to pay Plaintiff and Taco Mix Class the applicable minimum wage, Plaintiff and the Taco Mix Class are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

14

## AS AND FOR THE SECOND CAUSE OF ACTION
*(Overtime under the FLSA)*

89.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

90.     At all relevant times, Plaintiff and the Taco Mix Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

91.     At all relevant times, Defendants employed Plaintiff and the Taco Mix Collective within the meaning of 29 U.S.C. § 203(g).

92.     As the Defendants shared control of the services of the Plaintiff and Taco Mix Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

93.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

94.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

95.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*

96.     Pursuant to NYLL Pursuant to FLSA, 29 U.S.C. § 201 *et seq.*, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

97.     Plaintiff and the Taco Mix Collective were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Taco Mix Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

98.     Defendants required Plaintiff and the Taco Mix Collective to work more than forty (40) hours a week, and Plaintiff and the Taco Mix Collective regularly worked more than forty (40) hours a week throughout their employment.

99.     At no time have Defendants paid Plaintiff and the Taco Mix Collective a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Taco Mix Collective's hourly rate of pay for all of the hours Plaintiff and the Taco Mix Collective worked in excess of forty (40) hours per week.

100.     Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Taco Mix Collective for overtime at a rate of one and one-half times Plaintiff and the Taco Mix Collective's hourly rate of pay for all of the hours Plaintiff and the Taco Mix Collective worked in excess of forty (40) hours per week.

101.     As a result of Defendants' violations of the law and failures to pay Plaintiff and the Taco Mix Collective required regular and overtime wages, Plaintiff and the Taco Mix Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

102.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Taco Mix Collective was in compliance with the law, Plaintiff and the Taco Mix Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

103.     Members of the Taco Mix Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the NYLL)*

104.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

105.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

106.    Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

107.    Plaintiff and the Taco Mix Class were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Taco Mix Class' regular hourly rate for any hours in excess of forty (40) worked in any workweek.

108.    Defendants required Plaintiff and the Taco Mix Class to work more than forty (40) hours a week, and Plaintiff and the Taco Mix Class regularly worked more than forty (40) hours a week throughout their employment.

109.    At no time have Defendants paid Plaintiff and the Taco Mix Class a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Taco Mix Class' hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

110.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Taco Mix Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

111.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the Taco Mix Class required regular and overtime wages, Plaintiff and the Taco Mix Class have been

damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

112.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Taco Mix Class was in compliance with the law, Plaintiff and the Taco Mix Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

**AS AND FOR THE FOURTH CAUSE OF ACTION**
*(Spread of Hours under the NYLL)*

113.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

114.    Pursuant to NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12 NYCRR § 142-2.4, non-exempt employees are required to be paid one additional hour at the minimum wage rate for any shift in excess of ten (10) hours in a workday.

115.    Plaintiff and the Taco Mix Class were entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

116.    Defendants required Plaintiff and the Taco Mix Class to work in excess of ten (10) hours in a workday, and Plaintiff and the Taco Class regularly worked in excess of ten (10) hours in a workday.

117.    Defendants failed to pay Plaintiffs and the Taco Mix Class the spread of hour wages to which they were entitled under NYLL.

118.    Defendants' failure to pay Plaintiff and the Taco Mix Class their lawfully due spread of hour wages was a willful violation of NYLL §§ 190, *et seq.*, and 650, *et seq.*, and 12

NYCRR § 142-2.4.

119.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the Taco Mix Class required spread of hour wages, Plaintiff and the Taco Mix Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.4.

120.    As Defendants did not have a good faith basis to believe that their failure to pay spread of wages to Plaintiff and the Taco Mix Class was in compliance with the law, Plaintiff and the Taco Mix Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

121.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

122.    Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

123.    Defendants failed to furnish accurate wage statements to Plaintiff and the Taco Mix Class in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff and the Taco Mix Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

124.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

125.    As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff and the Taco Mix Class are entitled to liquidated damages of $250.00 for each day

that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs and interest.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification NYLL § 195(1))*

126.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

127.    NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

128.    Defendants failed to furnish such a statement to Plaintiff and the Taco Mix Class in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff and the Taco Mix Class at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

129.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

130.    As Defendants failed to provide Plaintiff and the Taco Mix Class with proper a proper notice under NYLL 195(1), Plaintiff and the Taco Mix Class are entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seeks the following relief:

A.  That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Taco Mix Collective. Such notice shall

20

inform the Taco Mix Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B.  Certification of the Taco Mix Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiff as class representative; designation of Plaintiff's counsel as class counsel; and a reasonable incentive payment to Plaintiff;

C.  On the First Cause of Action on behalf of Plaintiffs and Taco Mix Collective members against Defendants, for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Second Cause of Action on behalf of Plaintiff and Taco Mix Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Third Cause of Action on behalf of Plaintiff and the Taco Mix Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.  On the Fourth Cause of Action on behalf of Plaintiff and the Taco Mix Class Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.  On the Fifth Cause of Action on behalf of Plaintiff and Taco Mix Class Members against Defendants for failing to provide proper statements with every payment of wages,

liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H.   On the Sixth Cause of Action on behalf of Plaintiff and Taco Mix Class Members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

I.   Such other and further relief as is just and proper.

Dated: Garden City, New York
       April 23, 2021

Respectfully submitted,
BELL LAW GROUP, PLLC


By: */s/ Matthew Madzelan*
Matthew Madzelan, Esq.
*Attorneys for Plaintiff*
100 Quentin Roosevelt Boulevard
Suite 208
Garden City, New York 11530
(516) 280-3008
Matthew.M@Belllg.com