

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

June 29, 2023

<u>Via ECF</u>
The Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square, Courtroom 619
New York, New York 10007

Re: *Rodriguez v. Taco Mix LLC, et al.*
Civil Docket No.: 7:21-cv-03644

Dear Judge Ramos:

We represent Plaintiff Maximo Rodriguez in the above-referenced matter. This letter is jointly submitted pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2nd Cir. 2015) for approval of the updated settlement agreement in this action. In accordance therewith, annexed hereto as ***Exhibit "A"*** is a copy of the updated Settlement Agreement.

### I.   Introduction

Plaintiff commenced this action on April 23, 2021, alleging minimum wage, overtime, spread of hours, wage payment statement and hiring pay rate notice violations under the FLSA and New York Labor Law ("NYLL") in connection with Plaintiff's employment with Defendants. Approval of the original settlement was granted by Your Honor on May 17, 2022, in which a settlement payment of $48,000.00 was to be issued in ten (10) monthly payments. (Dckt. No. 33-1, 37-1, 38).

Following approval of the settlement by Your Honor, a subsequent agreement was reached between the Parties in which it was agreed that Plaintiff would extend Defendants' time to initiate the installment payments in exchange for an additional settlement installment payment of $4,800.00, for a total settlement amount of $52,800.00. In furtherance thereof, an updated Settlement Agreement was executed between the Parties reflecting the updated settlement amount. (Ex. A). Please note that while the updated Agreement indicates that there will be ten (10) installment payments, this was a typographical error. The total settlement of $52,800.00 is to be

apportioned by eleven (11) installment payments of $3,163.64 ($34,800.00 total) to Plaintiff and $1,636.36 to Plaintiff's Counsel ($18,000.00 total consisting of $17,600.00 in attorneys' fees and $400.00 in expenses). Plaintiff's updated Attorneys' Fees Affirmation and billable hours are annexed hereto as ***Exhibit "B"***.

As previously set forth in the Parties' original motion for settlement approval, the settlement by the Parties was reached following an extensive investigation, informal discovery, arm's-length negotiations between experienced counsel and several mediation sessions held between October 18, 2021, and December 23, 2021, before mediator Christopher Mason, Esq. In light of the foregoing, the settlement satisfies the criteria for approval of under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") because it resolves a *bona fide* dispute, and is fair, reasonable, and adequate.

## II.  Bona Fides of the Dispute

### A. *Plaintiff's Allegations*

The following is a summary of Plaintiff's allegations. Plaintiff worked for Defendants as a cashier at their restaurant known as "Taco Mix", in the County of New York, from in or around June 2013 through January 8, 2021. (Compl., Dckt. No. 1, ¶ 2). During the relevant period of Plaintiff's employment March 2014 through March 2020, it was alleged that Plaintiff worked 7:00 a.m. to 6:00 p.m., Monday through Sunday, for an approximate total of seventy-seven (77) hours per week.[1] (Id. at ¶ 30). Plaintiff was paid at a flat weekly salary of $600.00 per week from March 2014 through 2017 and $800.00 per week from June 2020 through January 8, 2021. (Id. at ¶ 31). During the course of discovery in this matter, records of Plaintiff's clock in and clock out times were obtained reflecting the specific number of hours worked each week for the majority of Plaintiff's employment. From these records, calculations were prepared in which it was determined that the estimated amount of Plaintiff's overtime and spread of hour wages owed is $29,779.97.[2]

### B. *Defendants' Defenses*

Defendants deny Plaintiff's allegations and claims and maintain that any potential recovery would be far lower based on actual hours worked, based on the fact that Plaintiff was paid the requisite minimum wage, based on the fact that Plaintiff does not have a private right of action under certain of his claims, and that there would be no entitlement to liquidated damages. Defendants further maintain that based on their limited financial circumstances, that they would

---

[1] Following the COVID-19 shutdown on March 7, 2020, Plaintiff's schedule was reduced below 40 hours per week and below 10 hours per day. Therefore, no claims for any violations are asserted beyond this period.
[2] While minimum wage violations were asserted in the Complaint, based upon the time records received it was determined that Plaintiff was paid above the required minimum wage rate throughout his employment.

be unable to pay a higher judgment. Therefore, even if successful on his claims, Plaintiff faces the risk of not being able to recover on any judgment.

### C. Settlement

Given these factual and legal issues, financial limitations, and to avoid the risk and uncertainty of continued litigation and increasing expenses, the Parties agreed to resolve this matter for $52,800.00. Based upon Plaintiff's Counsel's analysis and computation from the time records, it is estimated that should he prevail on all issues at trial, Plaintiff's maximum recovery for his overtime and spread of hour claims is $29,779.97, plus liquidated damages, costs, interest and attorneys' fees. Thus, a settlement of $52,800.00 of which Plaintiff will receive $34,800.00 constitutes full payment of Plaintiff's alleged overtime and spread of hour claims, provides for full attorneys' fees and costs, as well as provides partial liquidated damages and interest.

## III.  Legal Principles

Pursuant to the Second Circuit's holding in Cheeks v. Freeport Pancake House, Inc., "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d 199, 206 (2nd Cir. 2015). In order to obtain such approval, the parties must satisfy the Court that their agreement is "fair and reasonable." Velasquez v. Safi-G, Inc., 137 F.Supp.3d 582, 584 (S.D.N.Y 2015).

When evaluating the fairness of a settlement, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Factors considered in determining the fairness of the settlement include without limitation the following: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The attached proposed updated Settlement Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendants' alleged violations of Federal and NYS wage and hour laws. As discussed above, Plaintiff's maximum recovery should he prevail on all issues at trial is approximately $29,779.97, plus liquidated damages, costs, interest and attorneys' fees. Thus, a settlement of $52,800.00 constitutes full payment of Plaintiff's alleged overtime and spread of hours wage claims, as well as provides for attorneys' fees, costs, liquidated damages and interest.

Plaintiff is represented by experienced counsel and the settlement amount constitutes a substantial portion of what Plaintiff may be entitled to should he prevail at trial. Likewise, Defendants are represented by experienced counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining

between the represented parties weighs in favor of finding a settlement reasonable. The parties engaged in discovery efforts, several mediation sessions, and gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, *e.g.*, Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("[i]n considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.")(internal citations and quotations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (internal citation and quotations omitted).

Approving the updated settlement of this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associate with Defendants, coercion is unlikely. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC, 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.") (internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

Furthermore, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendants explicitly deny any wrongdoing, and have no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendants' lack of a history of non-compliance and the lack of any identified industry wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

Lastly, the Parties agree that the agreed-to amount is a reasonable compromise of all Parties' positions and the proposed settlement regarding attorneys' fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. Indeed, Plaintiff's attorneys' fees are far in excess of the recovery herein and Counsel's agreement to resolve Plaintiff's attorneys' fees on a contingency basis rather than a separate fee application were made in a good faith effort to reach a resolution of the claims. See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual") (internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

## IV. Conclusion

As demonstrated above, the updated settlement is a result of negotiations and compromise by all Parties. The Parties believe the updated settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the attached Settlement Agreement.

Respectfully submitted,

/s/ *Matthew Madzelan*
Matthew Madzelan, Esq.