UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMINIO RODRIGUEZ,

Plaintiff,

-against-

TACO MIX LLC, TACO MIX II LLC, TACO MIX III LLC, TACO MIX BROOKLYN LLC, TACO MIX STATEN ISLAND LLC, JORGE SANCHEZ, ALEJO SANCHEZ, *and* JOANNA SANCHEZ,

Defendants.

**ORDER**

21-cv-03644 (ER)

Ramos, D.J.:

Maximinio Rodriguez brought this action on April 23, 2021, against defendants Taco Mix LLC, Taco Mix II LLC, Taco Mix III LLC, Taco Mix Brooklyn LLC, Taco Mix Staten Island LLC, Jorge Sanchez, Alejo Sanchez, and Joanna Sanchez, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Doc. 1. Rodriguez alleges that defendants failed to pay him the lawful minimum wage, overtime compensation, and spread of hours compensation, and failed to provide proper wage notices and wage statements. *Id.*

On April 26, 2022 the parties' request for settlement approval was denied without prejudice. Doc. 34. The parties were directed to submit a revised agreement that either (1) removed or tailored the release, no re-hire, and non-disparagement provisions as described in the Order; (2) file a joint letter that indicated the parties' intention to abandon settlement and continue to trial, or (3) stipulate to dismissal of the case without prejudice. *Id.* On May 13, 2022, the parties submitted a revised settlement agreement. Doc. 37. Having modified the

release so that it was mutual, removed the no re-hire provision, and included an exception for truthful statements in the non-disparagement provision, the revised settlement agreement was approved and the case was closed on May 17, 2022.  Doc. 38.

Following approval of the settlement, a subsequent agreement was reached between the parties in which it was agreed that Rodriguez would extend Defendants' time to initiate the installment payments in exchange for an additional settlement installment payment of $4,800.00, for a total settlement amount of $52,800.00.  Doc. 48 at 2.  Two months after the settlement agreement was approved, on July 14, 2022, Rodriguez informed the Court that Defendants breached the Settlement Agreement by failing to make the first settlement installment payment within thirty days of Court approval of the settlement.  Doc. 39; *see also* Doc. 37-1, ¶ 1(a)-(b).

Accordingly, Rodriguez requested the case be re-opened to pursue default against Defendants.  Doc. 39.  The action was re-opened and Defendant was directed to respond.  Doc. 40.  On July 18, 2022, the parties reported that they agreed to amend certain terms of the settlement agreement which would increase the settlement amount being paid by Defendants and would postpone the start date for Defendants to make the first payment.  Doc. 41.  On July 19, 2022, the Court directed the parties to submit a revised agreement for the Court's approval once the agreement was ready.  Doc. 42.

The parties did not submit the revised agreement, and on June 5, 2023, the Court directed the parties to do so by June 12, 2023, noting that failure to do so will result in the case being closed.  Doc. 43.  The parties requested two extensions of time to submit the updated settlement agreement and the Court granted both extensions until June 29, 2023.

Before the Court is the parties' updated settlement agreement.  Docs. 48, 48-1.  For the following reasons, the updated settlement agreement is DENIED.

The settlement agreement includes three provisions that this Court rejected on April 26, 2022:  the release provision, no-hire provision, and the non-disparagement clause.  Doc. 34.

The release provision reads:

> Plaintiff, . . . freely and irrevocably relinquishes, releases, and waives all possible complaints, causes of action, liabilities, obligations, demands, contract rights, and claims against Defendants, separately and jointly, including any parent companies, subsidiaries, divisions, related or affiliated companies, predecessors, successors or assigns, current or former employees, agents, shareholders, officers, directors, and alter egos, and their respective spouses, heirs, executors, testators, representatives, agents, successors and assigns, in their individual and representative capacities (the "Releasees") that may have arisen from the beginning of time until and including the date of Plaintiff's signature on this Agreement.  This is a general release . . .  This waiver and release includes all claims now known to Plaintiff as well as all possible claims that are not known to Plaintiff.

Doc. 48-1 at 3–4.  For the same reasons described in its April 26, 2022, the Court declines to approve this broad release.  *See Rodriguez v. Taco Mix LLC*, No. 21 Civ. 03644 (ER), 2022 WL 1227732, at *3 (S.D.N.Y. Apr. 26, 2022) (declining to approve the release because it was overbroad waiving "all possible claims," including unknown claims and those unrelated to wage-and-hour issues; the release is non-mutual; and the release prohibits claims against defendants and a long list of associates).

Likewise, this updated settlement agreement contains the same no re-hire provision this Court previously rejected, pursuant to which Rodriguez agrees that he "will not at any time in the future seek employment with the Company or Releasees."  Doc. 48-1 at 5.  Such a no-hire provision is "highly restrictive" and "in strong tension with the remedial purposes of the FLSA." *Baikin v. Leader Sheet Metal, Inc.*, No. 16 Civ. 8194 (ER), 2017 WL 1025991, at *1 (S.D.N.Y. Mar. 13, 2017) (citation omitted); *see also Cruz v. Relay Delivery, Inc.*, No. 17 Civ. 7475 (JLC), No. 18 Civ. 3052 (JLC), 2018 WL 4203720, at *1 (S.D.N.Y. Sept. 4, 2018) (declining to approve a no re-hire provision and citing cases).

Lastly, the updated settlement agreement contains the same impermissible non-disparagement clause the Court previously rejected. The non-disparagement provision requires that Rodriguez "not make any disparaging statement(s) or representation(s), either directly or indirectly, whether orally or in writing, to any person whatsoever, about the Company, the Defendants, the Releasees, including but not limited to their co-workers, attorneys, representatives, affiliates, parent companies, subsidiaries, family members, or any of their directors, officers, employees, attorneys, agents, or representatives." Doc. 48-1 at ¶ 13. The provision defines a disparaging statement or representation as "any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product quality of the person or entity to whom the communication relates." *Id.* Under its plain terms, this provision bars Rodriguez from making truthful statements regarding his wage-and-hour claims that may fall within these definitions, *see Lopez*, 96 F. Supp. 3d at 180 n.65, and the agreement lacks a carve-out to allow Rodriguez to make those statements, *see Weng v. T&W Restaurant, Inc.*, No. 15 Civ. 8167 (PAE) (BCM), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016).

As laid out in the Court's April 26, 2022 Order, courts in this District routinely reject proposed settlement agreements that contain non-disparagement clauses, as they "bar plaintiffs from openly discussing their experiences litigating [their] wage-and-hour case[s]" and "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Lopez*, 96 F. Supp. 3d at 178 (quotation omitted). "While 'not every non-disparagement clause in an FLSA settlement is *per se* objectionable,' a clause which bars a plaintiff from making negative statements about a defendant 'must include a carve-out for

4

truthful statements about [a plaintiff's] experience in litigating [her] case.'" *Weng*, 2016 WL 3566849, at *4 (quoting *Lopez*, 96 F. Supp. 3d at 180 n.65).

Accordingly, the non-disparagement clause is not fair and reasonable.

**CONCLUSION**

The request for settlement approval is therefore DENIED without prejudice. The parties are therefore instructed to submit a revised agreement that removes or tailors the release, no re-hire, and non-disparagement provisions as described in this Order by July 10, 2023. It is SO ORDERED.

Dated: July 5, 2023
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.