UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXIMINIO RODRIGUEZ,

Plaintiff,

-against-

TACO MIX LLC, TACO MIX II LLC, TACO MIX III LLC, TACO MIX BROOKLYN LLC, TACO MIX STATEN ISLAND LLC, JORGE SANCHEZ, ALEJO SANCHEZ, *and* JOANNA SANCHEZ,

Defendants.

ORDER

21-cv-03644 (ER)

Ramos, D.J.:

Maximinio Rodriguez brought this action on April 23, 2021, against defendants Taco Mix LLC, Taco Mix II LLC, Taco Mix III LLC, Taco Mix Brooklyn LLC, Taco Mix Staten Island LLC, Jorge Sanchez, Alejo Sanchez, and Joanna Sanchez, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Doc. 1. Rodriguez alleges that defendants failed to pay him the lawful minimum wage, overtime compensation, and spread of hours compensation, and failed to provide proper wage notices and wage statements. *Id.*

On April 26, 2022 the parties' first request for settlement approval was denied without prejudice. Doc. 34. The parties were directed to submit a revised agreement that either (1) removed or tailored the release, no re-hire, and non-disparagement provisions as described in the Order; (2) file a joint letter that indicated the parties' intention to abandon settlement and continue to trial, or (3) stipulate to dismissal of the case without prejudice. *Id.* On May 13, 2022, the parties submitted a second request for settlement approval. Doc. 37. Having modified

the release so that it was mutual, removed the no re-hire provision, and included an exception for truthful statements in the non-disparagement provision, the revised settlement agreement was approved and the case was closed on May 17, 2022. Doc. 38.

Two months after the revised settlement agreement was approved, on July 14, 2022, Rodriguez informed the Court that Defendants breached the revised settlement agreement by failing to make the first settlement installment payment within thirty days of Court approval of the settlement. Doc. 39; *see also* Doc. 37-1, ¶ 1(a)-(b). Accordingly, Rodriguez requested the case be re-opened to pursue default against Defendants. Doc. 39. The action was re-opened and Defendant was directed to respond. Doc. 40. On July 18, 2022, the parties reported that they agreed to amend certain terms of the settlement agreement which would increase the settlement amount being paid by Defendants and would postpone the start date for Defendants to make the first payment. Doc. 41. On July 19, 2022, the Court directed the parties to submit a revised agreement for the Court's approval. Doc. 42.

The parties did not submit the revised agreement, and on June 5, 2023, the Court directed the parties to do so by June 12, 2023, noting that failure to do so could result in the case being closed. Doc. 43. The parties requested two extensions of time to submit the updated settlement agreement and the Court granted both extensions. The parties submitted their third request for settlement approval on June 29, 2023. Doc. 48. On July 5, 2023, the Court denied the revised agreement without prejudice. Doc. 49. The Court found that the agreement, while otherwise fair and reasonable, again included an overly broad release provision and impermissible no re-hire and non-disparagement provisions. *Id*. at 3–5. These same three provisions were rejected by the Court on April 26, 2022 in relation to the first request for settlement approval: Doc. 34 at 4–7.

The Court directed the parties to submit a revised settlement agreement by July 10, 2023, which the parties failed to do.  On November 7, 2023, the Court directed the parties to submit a joint status update by November 14, 2023, and noted that failure to do so could result in the case being dismissed for failure to prosecute.  Doc. 50.  On November 14, 2023, the parties submitted a fourth request for settlement approval, and in their joint status update informed the Court that all payments and conditions of the updated settlement agreement were otherwise satisfied.  Doc. 51.

In this new settlement agreement, the parties have modified the release provision so that it is mutual, removed the no-hire provision, and removed the non-disparagement provision.  Doc. 51-1.  The Court, therefore, approves the revised settlement agreement.

**CONCLUSION**

The request for settlement approval is therefore GRANTED.  The Clerk of the Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   November 20, 2023
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.